# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SFG LP, SFG ABILENE OPERATING
LIMITED, SFG NE EL PASO LTD,
SANDIA FOOD GROUP MIDLAND PTR
LTD, SANDIA FOOD GROUP AMARILLO
PTR LTD, SANDIA EL PASO LTD,
SANDIA FARMINGTON 1 LTD, SANDIA
FOOD MANAGEMENT, INC., and SFG
ALBUQUERQUE 1 LIMITED PARTNERSHIP,

           Plaintiffs,

v.                                                                                          CIV 05-0486 WPL/WDS

COMMISSIONER OF INTERNAL REVENUE,

           Defendant.

## MEMORANDUM OPINION AND ORDER

This suit for judicial review arises from collection due process proceedings before the Internal Revenue Service Office of Appeals. For the reasons that follow, I will affirm the IRS's determinations.

### LEGAL BACKGROUND

Before proceeding with a levy upon a taxpayer's property, the IRS must notify the taxpayer of the right to a collection due process hearing. *See* 26 U.S.C. §§ 6320(a)(3)(B), 6330(a)(3)(B); *Borges v. United States*, 317 F. Supp. 2d 1276, 1280 (D.N.M. 2004). After a hearing has been held, the Office of Appeals must send the taxpayer a notice of determination. *Borges*, 317 F. Supp. 2d at 1280. The determination must be based on three factors: 1) the verification that the requirements of any applicable law or administrative procedure have been met; 2) the issues raised by the taxpayer; and 3) the proper balance between the need for efficient tax collection and the legitimate concern that

any collection action be no more intrusive than necessary. 26 U.S.C. §§ 6320(c), 6330(c)(3); *Borges*, 317 F. Supp. 2d at 1280-81. A taxpayer who is dissatisfied with the administrative determination may appeal to a United States District Court if the Tax Court does not have jurisdiction. 26 U.S.C. § 6330(d)(1).

## PROCEDURAL BACKGROUND

In this case, Plaintiffs are affiliated commercial business entities that are delinquent in paying business payroll taxes. (Am. Pet. ¶¶ 1, 3.) In September 2004, the IRS sent notices of intent to levy for various tax periods to Plaintiffs SFG Abilene, SFG NE El Paso, Sandia Food Group Amarillo, Sandia El Paso, SFG Farmington 1, Sandia Food Management, and SFG Albuquerque 1. (Mot. Summ. J. Ex. 2, 4, 8, 9, 11, 13, 14.) On June 9, 2005, the Office of Appeals issued notices of determination, upholding these levies. (*Id.*)

According to the notices, an appeals officer conducted a telephonic collection due process hearing on January 13, 2005. It was agreed at the hearing that the entities would pay $10,000 for three months and a lump sum of $600,000 in April 2005. The remaining balance would be paid pursuant to an installment agreement after all delinquent returns were filed. The notices state that the entities only paid a total of $40,000. On May 4, 2005, the IRS sent the entities a letter advising them that May 13, 2005 was the deadline for providing all delinquent tax returns and the $600,000 payment. The entities provided most of the delinquent tax returns, but did not provide any additional payment. Because the entities failed to provide all the delinquent tax returns or the $600,000, the Office of Appeals upheld the decision to proceed with the levies. (*Id.*)

In December 2004, the IRS sent notices of intent to levy for various tax periods to Plaintiffs SFG LP, SFG Abilene, SFG NE El Paso, Sandia Food Group Midland, Sandia Food Group Amarillo,

Sandia El Paso, SFG Farmington 1, and SFG Albuquerque 1. (Mot. Summ. J. Ex. 1, 3, 5, 6, 7, 10, 12, 15.) On March 31, 2005 and April 7, 2005, the Office of Appeals issued notices of determination, upholding these levies. (*Id.*)

According to the notices, the entities timely requested a collection due process hearing and a hearing was scheduled for March 10, 2005. The entities, however, "did not respond to the telephone hearing." The notices state that before a collection alternative can be considered, a taxpayer must cooperate, provide financial information, and indicate a willingness to explore collection alternatives. The Office of Appeals concluded that these entities did not satisfy these conditions because they did not participate in the hearing they requested. Therefore, the Office upheld the decision to proceed with the levies. (*Id.*)

After receiving the notices of determination, Plaintiffs brought this suit, seeking to require the IRS to negotiate a repayment plan with them. (Am. Pet. ¶ 5.) On February 7, 2006, I conducted a telephonic conference to set a briefing schedule. After consulting with counsel, I ordered Defendant to file a dispositive motion no later than April 7, 2006, with a response and reply to be filed in accordance with our local rules. (Docs. 20, 21.) On March 31, 2006, Defendant filed a motion for summary judgment and memorandum in support. (Docs. 22, 23.) On May 17, 2006, Defendant filed a notice of completion of briefing, noting that the time for filing a response had expired. (Doc. 29.) To this date, Plaintiffs have not filed a response.

## DISCUSSION

Before reviewing the merits of this case, I must consider the proper framework for that task. Defendant has styled his dispositive motion as a "Motion for Summary Judgment." In the Tenth Circuit, however, the use of summary judgment procedure is prohibited in administrative appeals.

*See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994). Summary judgment procedure improperly allows the defendant/appellee to define the issues on appeal, invites the court to rely on evidence outside the administrative record, and may lead the court to misapply the standard of review. *See id.*

In this case, Plaintiffs have not objected to my briefing order or to the use of summary judgment procedure; they have not even responded to Defendant's motion. Moreover, requiring rebriefing would serve no purpose. *See Logan Farms, Inc. v. Espy*, 886 F. Supp. 781, 785-56 (D. Kan. 1995) (not requiring rebriefing because each of the parties was given ample opportunity to make arguments and because the court would base its decision on the proper legal standards and the administrative record). I will treat Plaintiffs' pleadings as argument in support of their position that the IRS's determinations should be set aside, and I will treat Defendant's motion for summary judgment and memorandum in support as argument in support of his position that the determinations should not be set aside. *See Lodge Tower Condominium Ass'n v. Lodge Props., Inc.*, 880 F. Supp. 1370, 1375 (D. Colo. 1995) (construing pleadings and motions this way in an analogous situation), *aff'd*, 85 F.3d 476 (10th Cir. 1996); *see also MRCA Info. Servs. v. United States*, 145 F. Supp. 2d 194, 195 & n.3 (D. Conn. 2000) (taking a similar approach in a 26 U.S.C. § 6330(d) appeal). Furthermore, I will apply the legal standards that are applicable to appeals under 26 U.S.C. § 6330(d)(1), rather than the legal standards that are applicable to summary judgment motions. *See Baca v. King*, 92 F.3d 1031, 1034 n.1 (10th Cir. 1996) (affirming summary judgment in administrative appeal where "[d]espite its poor choice of nomenclature," district court applied proper

legal standard rather than summary judgment standard).[1]

Plaintiffs have not contested the validity of the underlying tax liability. Instead, they assert that the IRS should be required to negotiate a repayment plan. The standard of review for this issue is abuse of discretion. *See Borges*, 317 F. Supp. 2d at 1281. Under this standard, the administrative determination will not be disturbed unless the reviewing court has a definite and firm conviction that the agency made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. *Borges*, 317 F. Supp. 2d at 1282 (citing *McEwen v. City of Norman*, 926 F.2d 1539, 1553-54 (10th Cir. 1991)). An abuse of discretion occurs when the determination was arbitrary, capricious, or whimsical, or when it results in a manifestly unreasonable judgment. *Id. But see Living Care Alternatives of Utica, Inc., v. United States*, 411 F.3d 621, 631 (6th Cir. 2005) (describing the standard of review as "a clear abuse of discretion in the sense of clear taxpayer abuse and unfairness by the IRS" so as to avoid having the judiciary become involved with tax enforcement details that Congress intended to leave with the IRS); *accord Robinette v. Comm'r*, 439 F.3d 455, 459 (8th Cir. 2006); *Olsen v. United States*, 414 F.3d 144, 150-51 (1st Cir. 2005).

### *The June 9, 2005 Notices of Determination*

These notices recite that all legal requirements were satisfied and all administrative procedures were followed. (Mot. Summ. J. Ex. 2, 4, 8, 9, 11, 13, 14.) They quote the issue raised by Plaintiffs

---

[1] Neither party has brought the administrative record before this Court, although Defendant's summary judgment evidence includes at least part of the record. That evidence consists only of copies of the notices of determination and of the letters notifying Plaintiffs about the date and time of the March 10, 2005 hearing, along with an affidavit establishing that these are true and correct copies. Given the informal nature of collection due process hearings, I do not know if a record was made of the hearing. *See, e.g., Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 624-25, 629-30 (6th Cir. 2005). Because neither party has objected, I will base my ruling on the limited record before me. *See Cox v. United States*, 345 F. Supp. 2d 1218, 1222 n.5 (W.D. Okla. 2004).

as follows: "This Appeal is to provide the taxpayer with an additional ninety days to allow it to secure the funds necessary to satisfy the amounts due. The taxpayer's successful efforts in this regard would then eliminate the need to negotiate and enter into an installment payment agreement as had previously been intended." (*Id.*) The notices state that the IRS had agreed to a repayment plan, but Plaintiffs did not abide by the agreement because they did not make the $600,000 payment, nor did they provide all of their delinquent returns. Accordingly, the Office of Appeals refused to consider further collection alternatives. The notices state that the IRS balanced the need for efficient collection of taxes with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary. (*Id.*)

The IRS did not abuse its discretion by refusing to consider further collection alternatives. It had previously agreed to a collection alternative, but Plaintiffs defaulted on the agreement. *See Orum v. Comm'r*, 412 F.3d 819, 820-21 (7th Cir. 2005) (no abuse of discretion when, among other things, taxpayers had defaulted on previous installment agreement and failed to provide requested information); *MRCA*, 145 F. Supp. 2d at 199-200 (no abuse of discretion when, among other things, taxpayer had defaulted on two previous installment agreements and was unable to make a lump-sum payment).

### *The March 31, 2005 and April 7, 2005 Notices of Determination*

Like the June 9, 2005 notices, these notices recite that all legal requirements were satisfied and all administrative procedures were followed. (Mot. Summ. J. Ex. 1, 3, 5, 6, 7, 10, 12, 15.) They also quote the issue raised by Plaintiffs. The notices state that although Plaintiffs requested a hearing, they did not respond when notified of the date and time of the hearing. Thus, Plaintiffs "would not discuss other collection alternatives to the proposed collection action because the taxpayer would not

attend a hearing requested by the taxpayer." (*Id.*)  The Office of Appeals concluded that Plaintiffs did not demonstrate a willingness to cooperate, to explore collection alternatives, or to provide financial information.  The notices state that the IRS balanced the need for efficient collection of taxes with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary. (*Id.*)

Defendant argues that this Court lacks subject matter jurisdiction to review these determinations because Plaintiffs failed to exhaust their administrative remedies by failing to attend the hearing.  Alternatively, Defendant argues that the Office of Appeals did not abuse its discretion in deciding to proceed with the levies.  I find Defendant's second argument more convincing.

To support his exhaustion argument, Defendant relies on *Abu-Awad v. United States*, 294 F. Supp. 2d 879 (S.D. Tex. 2003).  In that case, like in this one, the taxpayer failed to attend collection due process hearings that he had requested.  Although the court indicated that this resulted in a failure to exhaust administrative remedies, the court nevertheless proceeded to the merits of the case, which would not have been proper if the court truly lacked subject matter jurisdiction.  *See Abu-Awad*, 294 F. Supp. 2d at 887-93.  The court's analysis seemed to focus on the taxpayer's failure to adequately raise his appellate issues during the administrative proceedings.  *See id.* at 887-90.

The applicable statute provides that within thirty days of a "determination under this section," the taxpayer may appeal to the appropriate court.  26 U.S.C. § 6330(d)(1).  Although the heading of this section of the statute is "Proceeding after hearing," the statute does not expressly limit judicial review to determinations made after a hearing attended by the taxpayer.  In this case, the Office of Appeals issued a "determination under" the statute.  That determination reflects that despite Plaintiffs' failure to attend the hearing, the Office considered the statutory factors that are required to be

considered at a hearing. *See id.* § 6330(c). Moreover, the determinations were accompanied by letters, advising Plaintiffs that they had thirty days to file an appeal in the appropriate court. (Mot. Summ. J. Ex. 1, 3, 5, 6, 7, 10, 12, 15.) This strongly suggests that the Office of Appeals considered the administrative process to be exhausted. Accordingly, I conclude that Plaintiffs exhausted their administrative remedies.

I find no abuse of discretion, however, in the decision to proceed with the levies. Defendant has submitted letters informing Plaintiffs of the date and time of the hearing. (Mot. Summ. J. Ex. 16-23) Plaintiffs have not asserted that they did not receive these letters or that they did not understand them or the consequences of failing to appear. *See Abu-Awad*, 294 F. Supp. 2d at 888 (presuming that notices were sent and delivered where taxpayer offered no argument or evidence to the contrary). It was reasonable for the Office to conclude that Plaintiffs were not willing to explore collection alternatives because they did not respond to the notices of hearing.

## CONCLUSION

The motion for summary judgment is granted, the determinations of the IRS Office of Appeals are affirmed, and this cause is dismissed with prejudice.

IT IS SO ORDERED.

*[signature: William P. Lynch]*

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

8